UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALWYN KALLIGHERI,<br>Plaintiff<br><br>v.<br><br>ANTONIO ARCOS,<br>MARTIN DILIEGRO<br>and CARL BORGIOLI,<br>Defendants | ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION NO.04-CV-12430-DPW |

## PLAINTIFF'S MOTION TO REMAND ACTION TO THE ESSEX SUPERIOR COURT; OR, IN THE ALTERNATIVE, REMAND STATE CLAIMS AND STAY PROCEEDINGS OF THE FEDERAL CLAIM
## AND
## REQUEST FOR ORAL ARGUMENT

Now comes the Plaintiff, Alwyn Kalligheri ("Kalligheri"), and pursuant to 28 U.S.C. §1447 (c) moves this Court for an order remanding this action to the Essex Superior Court, Lawrence Division; or, in the alternative, remanding the state claims and staying the proceedings as to the federal claim brought pursuant to 42 U.S.C. §1983. As grounds for this Motion, the Plaintiff states the following:

1. This action was filed against the defendants on or about March 18, 2004, alleging invasion of privacy as a result of an illegal and warrantless search on March 25, 2003.[1]

2. On October 4, 2004, the Plaintiff filed a Motion to Amend the Complaint, seeking to add two claims for civil rights violations, one under the state civil rights statute, G.L.c.12, §§11H and 11I, and the other pursuant to 42 U.S.C. §1983.

---

[1] On September 9, 2003, the Chelsea District Court ruled, after an evidentiary hearing, that the subject search was in fact illegal.

3. The Defendants did not oppose the Plaintiff's Motion to Amend Complaint, and the Superior Court allowed the Motion on October 28, 2004.

4. On or about November 15, 2004, the Defendants filed a Notice of Removal in this Court.

5. The Plaintiff now seeks to remand the entire action to the state court on the grounds that since the federal claim arises from a common nucleus of facts which is the basis of the state claims, it does not constitute a "separate and independent claim or cause of action" from the state claims; and, therefore, the entire case should not have been removed in the first instance under 28 U.S.C. §1441(c).

6. In the alternative, if the Court concludes that the federal claim is a separate and independent claim under 42 U.S.C. §1441(c), the Plaintiff seeks an order remanding the state law claims and a stay of the federal §1983 claim on the grounds that:

   a. state law predominates over the claims set forth in Counts I and II of the Amended Complaint and therefore these claims should be remanded pursuant to 28 U.S.C. §1441(c); and

   b. this Court should decline to exercise its discretionary pendent jurisdiction over the state claims because claims for invasion of privacy and under the state civil rights statute present special state

2

      law issues that are unique and require elements of proof distinct from those required under the federal statute; and,

c.     the parties have engaged in discovery and conducted a substantial part of this litigation concerning the claim for violation of right to privacy while this case was actively pending in the state court, and, the interests of judicial economy will be served by allowing the state court to continue to exercise jurisdiction over the state law claims.

The Plaintiff attaches hereto and incorporates by reference a Memorandum in Support of Plaintiff's Motion to Remand Action to the Essex Superior Court; or, In the Alternative, Remand the State Claims and Stay Proceedings of the Federal Claim.

WHEREFORE, for all of the above reasons, the Plaintiff, Alwyn Kalligheri, respectfully requests that this Court enter an order:

(1) remanding the entire case to the Essex Superior Court, Lawrence Division; or, in the alternative:

(2) remanding the state claims to the Essex Superior Court, Lawrence Division and staying the proceedings in this Court of the federal claim.

## REQUEST FOR ORAL ARGUMENT

The Plaintiff, Alwyn Kalligheri, states that he believes that oral argument may assist the Court in this matter, and therefore requests that the Court allow Oral Argument on the above motion and schedule a hearing on the same.

Plaintiff,
Alwyn Kalligheri,
By his attorney,

*[signature]*

Nelson P. Lovins BBO# 306020
Carolyn M. Turner, BBO#561018
Lovins & Metcalf
Ten Cedar Street
Woburn, MA 01801
781-938-8800

Date: December 6, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within document was served upon James W. Simpson, Jr., Esq., counsel of record for the defendants, by first class mail, postage pre-paid, on December 6, 2004.

*[signature]*

Nelson P. Lovins, Esq.

4