UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALWYN KALLIGHERI,            )
    Plaintiff                )
                             )
v.                           )
                             )   CIVIL ACTION NO.04-CV-12430-DPW
ANTONIO ARCOS,               )
MARTIN DILIEGRO              )
and CARL BORGIOLI,           )
    Defendants               )
                             )

**MEMORANDUM IN SUPPORT OF THE PLAINTIFF'S MOTION TO REMAND ACTION TO THE ESSEX SUPERIOR COURT; OR, IN THE ALTERNATIVE, REMAND THE STATE CLAIMS AND STAY PROCEEDINGS OF THE FEDERAL CLAIM**

INTRODUCTION

This action was filed against the defendants on or about March 18, 2004, alleging a state claim for invasion of privacy as a result of an illegal and warrantless search on March 25, 2003. Subsequently, the Plaintiff amended his Complaint, adding two separate counts for civil rights violations, one under the state civil rights statute, G.L.c 12, §11H and §11I, and the other pursuant to 42 U.S.C. §1983.

The Defendants removed the case to this Court pursuant to 42 U.S.C. §1441, on the grounds that this court has original jurisdiction over the Plaintiff's federal civil rights claim, asserted pursuant to 42 U.S.C. §1983.

However, as will be affirmatively set forth herein below, this Court should remand the entire action to the Essex Superior Court because this case should not have been removed in the first instance. In the alternative, this Court should decline to exercise its discretionary supplemental jurisdiction over Counts I and II, in which State

law predominates, and, remand these claims to the Essex Superior Court for adjudication on the merits; and, issue a stay of proceedings in the federal court as to the federal claim brought pursuant to 42 U.S.C. §1983.

## ARGUMENT

### Timeliness of Motion to Remand

28 U.S.C. §1447 (c) allows a party to file a motion to remand state law claims to the state Court within 30 days after the filing of the notice of removal under 28 U.S.C. §1446. In this case, the defendants filed a Notice of Removal with the Court on November 15, 2004. This Motion to Remand is made on or before December 15, 2004 and is therefore filed timely and in accordance with 28 U.S.C. §1447(c).

> The federal claim brought pursuant to 42 U.S.C. §1983 is not a separate and independent claim under 28 U.S.C. §1441(c) and therefore removal was improper was improper in the first instance.

28 U.S.C. §1441(c) provides,:

> Wherever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

In this case, the Plaintiff's federal claim brought pursuant to 42 U.S.C. §1983 arose out of a common nucleus of facts which is the basis of the state claims, namely, the illegal and warrantless search occurring on March 25, 2003. The parties, witnesses and facts necessary to prove the federal claim are substantially the same, if not identical, as those needed to prove the state claims. Consequently, the §1983 claim is *not* a separate and independent claim or cause of action triggering the removal power of the Court, and this entire action should not have been removed in the first instance. See, Rey v. Classic

2

Cars, et al, 762 F.Supp. 421 (D. Mass. 1991); and, New England Concrete Pipe Corp. v. D/C Sys of New England, 658 F.2d 867 (1st Cir. 1981). For these reasons, this Court should remand the entire action to the Essex Superior Court.

> Original jurisdiction of the federal district court over the §1983 claim; and, the federal district court's discretion to abstain from adjudication of state law claims and remand state claims to the state court.

In his Amended Complaint, the Plaintiff asserts three causes of action against the Defendants: Invasion of the Plaintiff's Right to Privacy (Count I); Violation of State Civil Rights pursuant to G.L. c. 12, §11H and §11I (Count II); and Violation of Federal Civil Rights (42 U.S.C. §1983). The Defendants removed the case to this Court on the grounds that the federal district court has original jurisdiction over *one* of the three claims asserted by the Plaintiff, namely, the §1983 claim. If this Court concludes that the federal claim is a separate and independent claim for purposes of 28 U.S.C. §1441(c), the Plaintiff contends that this Court should remand the state law claims (Counts I and II) and stay the litigation of the §1983 claim.

In support of this argument, the Plaintiff relies upon the discretionary jurisdiction of this district court to remand "all matters in which State law predominates." 28 U.S.C. §1441(c). Count I and II are based upon violations of Massachusetts state law, and therefore, state law predominates. Pursuant to 28 U.S.C. §1441 (c), this Court has the discretion, and should, remand the state claims.

Under the doctrine of abstention, a federal court may refuse or delay its decision on a legal issue, thereby forcing the plaintiff to seek remedy in the state court. One of the more recent bases for abstaining from jurisdiction recognized by the courts is judicial economy and convenience to the parties, and was explained in Colorado River Water

3

Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236 (1976). In the Colorado River case, the U.S. Supreme Court held that the lower federal courts may rely on the doctrine of abstention to: eliminate duplicative state and federal litigation; ease docket crowding; and, avoid piecemeal litigation. Other factors considered by the courts are the inconvenience of the federal forum and the order in which jurisdiction was obtained in the concurrent forums. The Court further recognized that while federal courts have an "unflagging obligation...to exercise the jurisdiction given them," abstention may be proper "when a balance of the factors weighs in that direction." Holly Shepard v. Gary F. Eagan, et al., 767 Supp. 1158 (D. Mass. 1990).

Application of these various factors to the present case should guide this Court to only one logical and legally sound decision, which is to remand the state court claims and stay proceedings of the federal claim. In the first instance, jurisdiction attached in the state court. The Plaintiff intentionally chose the state court as his forum; and, even upon amending his complaint, still intended to adjudicate his claims in the state court, based upon the state courts concurrent jurisdiction over claims brought pursuant to 42 U.S.C. §1983.

This Court has followed the principles set forth in the Colorado River case, and remanded cases where state law predominates, on the grounds that such claims may involve "special state law issues." Trevor Neptune and Terry Maynor v. John H. McCarthy, Jr., et al., 706 F. Supp. 958 (D. Mass., Woodlock, J. 1989). In *Neptune*, the plaintiff commenced an action in the state superior court against police officers under 42 U.S.C. §1983 and against the City alleging a violation of a state statute. The defendants removed the case to the federal court and the plaintiff sought to remand the state claims

4

to the state court and moved to stay the federal claims. The Court allowed the motion to remand the state claims because the claims for invasion of privacy were unique to Massachusetts law; and, the Court stayed the federal claim.

The Court recognized that there are certain elements of proof unique to the state civil rights statute, which are not required under its federal law counterpart. For example, "the Massachusetts Civil Rights Act requires that the deprivation of civil rights be undertaken through threats and intimidation, which element is not expressed in §1983." Therefore, the Court concluded that "while a violation of the Massachusetts Civil Rights Act or the Massachusetts Privacy Act by a defendant acting under color of state law may be a sufficient predicate for a §1983 violation, a finding of no violation under the state acts would not necessarily be a sufficient condition to dismiss the §1983 claim." Id. at 965, note 8.

The Plaintiff's claims for invasion of privacy and the violation of state civil rights involve special state law issues requiring remand to the Essex Superior Court. This court should leave the task of interpreting state law, in particular, the Massachusetts Civil Rights statute, to a Massachusetts court. A Massachusetts state court forum is the more preferred forum to address special state law issues presented under Massachusetts law and the federal court should not exercise its pendent jurisdiction over such state claims. *See*, Thomas Rey v. Classic Cars, et al., 762 F.Supp. 421 (D. Mass. 1991).

Further, the Court in *Neptune* expressed yet another sound legal basis for remanding the state claims and staying the federal §1983 claim. The Court reasoned that, given the nature of the claims set forth in *Neptune* (which are similar to those presented in the instant case), if the plaintiff is successful in his state claims, the state court

judgment "is likely to supply most if not all the necessary collateral estoppel predicate for a judgment on the federal claim." Id. at 965. This is certainly a critical factor to consider in assessing judicial economy, duplicative proceedings, and docket crowding, as set forth in the Colorado River case, *supra*, and also expressed in *Neptune, supra*.

As in the *Neptune* case, remand of the state claims and a stay of the federal claim in this case will likely "result in less duplicative litigation activity and the likelihood of a more expeditious, more efficient, and less expensive resolution of the entire controversy between the parties that would occur absent a stay." *Neptune*, at 965, 966.

Further, the parties have engaged in discovery, including deposition and written discovery, at the state court level which have involved motion practice. For the federal court to now interpose and exercise supplemental/pendent jurisdiction over the state claims is unfair to the Plaintiff, would be inconvenient to the parties, and create unnecessary docket crowding. The Plaintiff contends that it would be improper, at this stage of the litigation, to allow removal of this action, particularly the claims where State law predominates.

## CONCLUSION

The aforementioned First Circuit decisions lend guidance and authoritative precedent allowing this Court to remand the entire action to the state court; or, in the alternative, remand Counts I and II to the state court and issue a stay of proceedings of the 42 U.S.C. §1983 claim.

                    Plaintiff,
                    Alwyn Kalligheri,
                    By his attorney,

                    */s/ Nelson P. Lovins*
                    Nelson P. Lovins, BBO# 306020
                    Carolyn M. Turner, BBO#561018
                    Lovins & Metcalf
                    Ten Cedar Street
                    Woburn, MA 01801
                    781-938-8800

Date: December 6, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon James W. Simpson, Jr., Esq., counsel of record for the defendants, by first class mail, postage pre-paid, on December 6, 2004.

                                        */s/ Nelson P. Lovins*
                                        Nelson P. Lovins, Esq.