UNITED STATES OF DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12430DPW

| | |
|---|---|
| ALWYN KALLIGHERI )  Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| ANTONIO ARCOS, ) MARTIN DILIEGRO and ) CARL BORGIOLI ) Defendants ) ) | |

REPLY MEMORANDUM TO DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND OR IN THE ALTERNATIVE STAY PROCEEDINGS ON FEDERAL CLAIM

Defendants' assert in their opposition that there are "no reported cases interpreting the Massachusetts Privacy statute in the context of a police misconduct claim." Defendants' Opp., pp. 3-4[1]. This assertion is made in an effort to persuade the Court that "there is [sic] serious questions as to the legitimacy of [Plaintiff's] claim . . . ." Defendants' Opp., p.3.

Defendants' assertion is inaccurate. In Priestly v. Doucette, et al., 1 Mass. L. Rep. 415; 1993 Mass. Super. Lexis 347 (1993)[2], the Court stated, at page 10 (Lexis Report), that the Massachusetts Right of Privacy statute, G.L.c. 214 § 1B, is applicable to unlawful searches and seizures. Not only does the Priestly case contradict Defendants' claims of illegitimacy, but it also supports the Plaintiff's claim under 28 U.S.C. 1441 (c) of "matters in which State law predominates."

> Plaintiff,
> Alwyn Kalligheri,
> By his attorney,
> /s/ Nelson P. Lovins
> Nelson P. Lovins, Esquire BBO#306020
> Lovins & Metcalf
> Ten Cedar Street
> Woburn, MA  01801
> 781-938-8800

---

[1] DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND OR IN THE ALTERNATIVE STAY PROCEEDINGS ON FEDERAL CLAIM.
[2] Priestly dealt, in part, with G.L.c. 214 § 1B in the context of police misconduct, specifically unlawful searches and seizures.