UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALWYN KALLIGHERI,
　　　Plaintiff,

v.                                                            CIVIL ACTION NO. 04-12430DPW

ANTONIO ARCOS, MARTIN DILIEGRO
and CARL BORGIOLI,
　　　Defendants

## DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND OR IN THE ALTERNATIVE STAY PROCEEDINGS ON FEDERAL CLAIM

### I.　INTRODUCTION

The instant action was originally filed with the Essex County Superior Court on March 18, 2004 alleging invasion of privacy following a search of a bedroom at the home of the plaintiff's girlfriend. Said home was owned by her mother. The plaintiff was charged with several counts of possession of a controlled substance. Following a motion to suppress, the District Court allowed the plaintiff's motion negating a consent search of the home.[1] On October 4, 2004, the plaintiff filed a motion to amend his complaint to include claims under 42 U.S.C. § 1983 and M.G.L. c. 12 §§ 11H and I. The Essex County Superior Court allowed the motion to amend on October 28, 2004 and the defendants filed a Notice of Removal to his Court on November 15, 2004. The plaintiff now seeks to remand the instant action back to state court or in the alternative stay the federal claim. The defendants oppose the plaintiff's motion.

---

[1] The defendants dispute the plaintiff's characterization that the search of bedroom was illegal.

II.   A.   **THE PLAINTIFF'S MOTION FOR REMAND SHOULD BE DENIED AS THIS COURT HAS ORIGINAL JURISDICTION OVER ANY 42 U.S.C. § 1983 CLAIMS**

As the Court is aware, 28 U.S.C. § 1441(b) permits removal of any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States.........28 U.S.C. § 1441(b). Clearly, the plaintiff's claim under 42 U.S.C. § 1983 asserts a federal claim on its face. See Neptune v. McCarthy, 706 F.Supp. 958 (D.Mass. 1989). As such, this court should exercise its original jurisdiction over the plaintiff's 42 U.S.C. § 1983 claim and deny any motion to remand the federal claim.

B.   **THE DISTRICT COURT SHOULD EXERCISE ITS PENDENT JURISDICTION OVER THE PLAINTIFF'S STATE CLAIMS IN THE INTERESTS OF JUDICIAL ECONOMY**

1.   **The Request for Stay Should be Denied**

The defendants recognize that pendent jurisdiction is discretionary with the court. Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). The doctrine of pendent jurisdiction however, is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). The three claims asserted by the plaintiff in the instant action all derive "from a common nucleus of operative fact.....such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

In the instant action, the plaintiff's point to Neptune v. McCarthy, 706 F.Supp. 958 (D.Mass.

1989) as an analogous decision in favor of their motion to remand/stay. In that case, while the plaintiff asserted a claim for invasion of privacy against individual defendants as well as claim under 42 U.S.C. §1983, a second defendant, City of Boston was not subject to the Court's original jurisdiction and thus, as this Court pointed out, there would be two proceedings regardless of whether or not the motion to remand was allowed. See Neptune v. McCarthy, 706 F.Supp. at 961.[2] Here, if the motion to stay was allowed and the plaintiff was allowed to proceed in state court with his state claims, there is a strong likelihood that a second proceeding in this court would be necessary to adjudicate the federal claim. More importantly, there is serious question as to whether or not the plaintiff's state claims have any merit at all. As the plaintiff's own memorandum points out (and under well settled law), the Massachusetts Civil Rights Act requires that the deprivation of civil rights be undertaken through threats, intimidation or coercion. Here, in the present case, the undisputed facts reveal that the plaintiff had no contact whatsoever with the defendants during the search of the bedroom. The consent form was signed by the mother of his girlfriend. The plaintiff was not even present during the search. The plaintiff's claim under the Massachusetts Civil Rights act predicated on the alleged unlawful search would most certainly fail as it does not contain the requisite "threats, intimidation or coercion" which element is not expressed in § 1983 as the plaintiff's own memorandum acknowledges. This claim could be easily dispensed with in this court without the need for duplicatative litigation in state court.

As for the plaintiff's invasion of privacy claims, again there is serious questions as to the legitimacy of this claim as well. As this Court acknowledged back in 1991, (as of then) there were no

---

[2] The defendants in that case did not oppose the plaintiff's to stay the federal claim.

reported cases interpreting the Massachusetts Privacy statute in the context of a police misconduct claim. Indeed, as of today, there have been no reported cases supporting such a claim. Clearly, it is in the interests of judicial economy and wise judicial administration to adjudicate all the claims in one forum rather than allow piecemeal litigation to occur. As this Court pointed out in Neptune v. McCarthy, 706 F.Supp. 958 (D.Mass. 1989), "while I have wide latitude in setting [my] own calender, the circumstances in which I may abstain from exercising the weighty jurisdiction given me are limited, and [o]nly the clearest of justifications will warrant [a stay]." Neptune, 706 F.Supp. at 964; quoting, Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976); See also Bath Memorial Hospital v. Maine Health Care Fin. Comm'n, 853 F.2d 1007,1015 (1st Cir. 1988)("Ordinarily...the simple existence of parallel state proceedings is not reason to abstain).

As such, this Court should avoid staying the federal proceedings and retain jurisdiction over all claims.

> The defendants,
> By their attorneys,
>
> _____
> James W. Simpson, Jr., BBO#634344
> MERRICK, LOUISON & COSTELLO
> 67 Batterymarch Street
> Boston, MA 02110
> (617) 439-0305

## Certificate of Service

I, James W. Simpson, Jr., do certify that on the 8th day of December 2004. I served the foregoing on all counsel of record.

_____
James W. Simpson, Jr.,