UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALWYN KALLIGHERI       ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.              ) | Civil Action No. 04-12430-DPW |
| ) | |
| ANTONIO ARCOS, MARTIN  ) | |
| DILIEGRO, AND          ) | |
| CARL BORGIOLI          ) | |
| ) | |
| Defendants.    ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
ASSISTANT DISTRICT ATTORNEY LYONS'
MOTION TO QUASH THE SUBPOENA**

This memorandum of law is submitted by Assistant District Attorney Judith Lyons of the Suffolk District Attorney's Office, through counsel, in support of her motion to quash the deposition subpoena issued by the plaintiff's counsel in the above-entitled case. As argued in this memorandum, the subpoena should be quashed where it requires disclosure of privileged or other protected matter and no exception or waiver applies. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii). In addition, the material sought is readily available in the transcripts of a suppression hearing that occurred in Chelsea District Court on August 27, 2003, which the plaintiff already has in his possession. *See* Exhibit B, Chelsea District Court Transcripts of the Suppression Hearing to the Motion to Quash, filed herewith. In the alternative, ADA Lyons requests this Court to enter an appropriate protective order in her behalf.

**PRIOR PROCEEDINGS**

On March 26, 2003, a complaint issued in the Chelsea District Court charging Alwyn Kalligheri (the "plaintiff") with possession of class B drugs in violation of M. G. L. c. 94C, § 34

and possession of class C drugs in violation of M. G. L. c. 94C, § 34. *See* Exhibit A, Docket Sheet, *Commonwealth v. Alwyn Kalligheri*, Chelsea District Court, 0314CR000705. On August 26, 2003, Massachusetts District Court Judge Timothy H. Gailey held a hearing on Kalligheri's motion to suppress. *Id.* After the Commonwealth had presented all of its witnesses, the court called for a five-minute recess. *See* Exhibit B, Chelsea District Court Transcripts of the Suppression Hearing at p. 67. After a discussion off the record, ADA Lyons disclosed to the court on the record, out of the presence of the witnesses, that her memory was jogged during the course of the testimony with regard to the case. *Id.* at 68. She explained that around the time Kalligheri was charged, Detective Arcos had telephoned her at her office and gave her some general information about the case, inquiring whether or not he had enough to get a search warrant. *Id.* ADA Lyons was not aware of the name of the case, and she indicated during the telephone conversation with Detective Arcos that it didn't look good. *Id.* ADA Lyons also told the court that she did not realize that it was the same case until she heard the testimony at the suppression hearing. *Id.* She explained to the court that she asked Detective Arcos if this was the case he had called her about and he stated that it was. *See* Exhibit B, Chelsea District Court Transcripts of the Suppression Hearing at p. 68. ADA Lyons also told to the court she was willing to recall Detective Arcos to testify about this issue, but the court declined her offer. *Id.* at 69. The court indicated that it would take into account the representation of counsel as evidence in the case. *Id.* On August 27, 2003, Judge Gailey took the case under advisement. *See* Exhibit A, Docket Sheet, *Commonwealth v. Alwyn Kalligheri*, Chelsea District Court, 0314CR000705. On September 10, 2003, Kalligheri's motion to suppress was allowed. *Id.* On March 19, 2004, Judge Conlon dismissed the case. *Id.*

On November 17, 2004, this case was removed from Essex Superior Court to this Court. *See* Docket at 1. ADA Judith Lyons of the Suffolk County District Attorney's Office received a subpoena requiring her to appear and testify on behalf of Alwyn Kalligheri on May 5, 2005. ADA Lyons hereby moves to quash the subpoena. Undersigned counsel informed plaintiff's counsel on April 28, 2005 that ADA Lyons would not appear. Plaintiff's counsel stated that ADA Lyons should move forward with a motion to quash.

## ARGUMENT

**THIS COURT SHOULD QUASH THE DEPOSITION SUBPOENA COMPLETELY INASMUCH AS IT REQUIRES THE ADA TO TESTIFY AS TO INTERNAL DELIBERATIONS AND TO THE EXTENT ANY FACTUAL INFORMATION SOUGHT REVEALS DELIBERATIONS OR IS AVAILABLE BY OTHER MEANS.**

Under the Federal Rules of Civil Procedure, the scope of examination of documents, and the scope of matters a witness may be inquired of, is expressly limited, and a subpoena shall be quashed to the extent it "requires disclosure of privileged or otherwise protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iii). The deposition subpoena to ADA Lyons seeks testimony that is privileged and, therefore, should not be enforced. Central among the tasks entrusted to the District Attorneys of the Commonwealth are choosing which crimes to prosecute and allocating resources to accomplish effective prosecution. These tasks require the exercise of discretion, careful deliberation, and balancing of important interests. To allow outside scrutiny of this process is opposite of the firmly established principles that insulate such decision-making from intrusion and second-guessing.

The prosecutor's discretion to choose whether and how to prosecute is exercised on his or her own judgment alone. *See e.g.*, *United States v. Berrigan*, 482 F.2d 171, 180 (3rd Cir. 1973) ("[t]here is a broad body of law recognizing the practical and legal necessity of vesting broad

3

discretion in the government's attorneys with respect to their enforcement of the federal criminal laws"); *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) (Burger, J.) ("[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought").

Allowing inquiry into an ADA's deliberations inhibits the exercise of this discretionary authority and is contrary to the well established policy that the judgment and wide discretion of prosecutors are not subject to review or approval. Accordingly, testimony that relates to or reveals a prosecutor's decisions and thought processes are privileged from disclosure. *See Gomez v. City of Nashua*, 126 F.R.D. 432, 435 (D.N.H. 1989) ("[t]he decision whether to prosecute is the product of a deliberative process which should be afforded a high degree of protection from public inquiry"). *See also United States v. Berrigan*, 482 F.2d at 181 (subpoenas seeking information relating to decision to investigate, seek indictments, and prosecute action were properly quashed); *Sullivan v. Stefanik*, 605 F. Supp. 258, 260 (N.D. Ill. 1985) (holding that prosecutor may not be questioned about mental processes or opinions at deposition). Similar policies justify the absolute immunity from damages afforded prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 423 (1976) (citing concern that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust").

In fact, the general rule against subjecting government officials to inquiries into their decision-making process is well established. *See Unites States v. Morgan*, 313 U.S. 409, 422

4

(1941); *New England Medical Ctr., Inc. v. Rate Setting Comm'n*, 384 Mass. 46, 56, 423 N.E.2d 786, 792 (1981), and cases cited therein. *See also Church of Scientology of Boston v. IRS*, 138 F.R.D. 9, 12-13 (D. Mass. 1990) ("heads of agencies are normally not subject to depositions"). Sound policy reasons support this general rule: "such officials must be free to conduct their jobs without the constant interference of the discovery process." *Id.* These policies apply with equal force to shield prosecutors from the discovery process. "The decision whether to prosecute is the product of a deliberative process which should be afforded a high degree of protection from public inquiry." *Gomez v. City of Nashua*, 126 F.R.D. at 435. *See Sullivan v. Stefanik*, 605 F. Supp. at 260.

    Here, the plaintiff seeks to depose the ADA as to her opinions, deliberations and her mental processes and impressions, as well as to question her concerning the nature and extent of the investigation and her interaction with the Revere Police. These matters are privileged and the deposition subpoena must be quashed. Quashing the subpoena is necessary to honor the policy justifications which underlie the privilege. The federal deliberative process privilege is designed to promote and ensure "frank expression and discussion among those upon whom rests the responsibility for making the determinations that enable government to operate." *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 & n. 16 (D.D.C. 1966), aff'd sub nom. *V.E.B. Carl Zeiss, Jena v. Clark*, 348 F.2d 979 (D.C. Cir.), cert. denied, 389 U.S. 952 (1967). The privilege is designed not only to protect the ultimate decision-maker from disclosing the process by which she arrived at her decision, but is also designed to ensure that public officials freely exchange views without fear of disclosure. *See N.O. v. Callahan*, 110 F.R.D. at 637 ("The

reason for the longstanding recognition of this privilege is to protect the free flow of information necessary to informed decision-making by a government agency").

This privilege is particularly appropriate in a case such as this where the information sought concerns the exchanges of information between an ADA and law enforcement personnel in connection with a particular criminal case. The public interest in frank discussion between prosecutors and law enforcement personnel is essential to ensuring effective and fair administration of justice. *See Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. at 325-326 & n. 30.

Although purely factual materials may not be privileged from disclosure, such factual materials are not available by deposition of a prosecutor unless unavailable from other sources. *Church of Scientology of Boston v. IRS*, 138 F.R.D. at 12-13; *Gomez v. City of Nashua*, 126 F.R.D. at 435. "Courts generally refuse to compel the deposition of a government witness if the plaintiff may obtain discovery by an alternative and less burdensome method to the government." *Id*. at 436. Moreover, to the extent purely factual material may disclose or be intertwined with deliberative materials, such discovery is forbidden. "[F]actual information may also be privileged if it is inextricably intertwined with the process by which policy is made or if the manner of selecting or presenting the facts would reveal the deliberative process." *Id*. at 435. Sound policy reasons prevent such disclosure. Indeed, "[t]he decision whether to prosecute is the product of a deliberative process which should be afforded a high degree of protection from public inquiry." *Gomez v. City of Nashua*, 126 F.R.D. at 435.

Furthermore, in the instant case, the plaintiff already has the Massachusetts District Court transcripts of the suppression hearing where ADA Lyons clearly explains on the record in open

court that around the date in question Detective Arcos had placed a telephone call to her giving her some general information about the case and asked whether or not he had enough to get a search warrant. *See* Exhibit B, Chelsea District Court Transcripts of the Suppression Hearing at p. 68. ADA Lyons further explained on the record that Detective Arcos did not disclose the name of the case or anything like that. In addition, ADA Lyons revealed that she indicated to Detective Arcos that it didn't look good, but she did not know whether he had any other information. *Id.* ADA Lyons explained in open court that she did not realize until during the course of the testimony that this was the same case. *Id.*

Communications between prosecutors and the police must be protected to ensure the fulfillment of important law enforcement goals. If it were otherwise, citizens would be unwilling to come forward and speak freely with the police concerning matters under investigation, and police might not be completely candid in recording their observations, hypothesis and interim conclusions. Even if it might be more credible and convenient for plaintiff to elicit the information he seeks from ADA Lyons, convenience is not sufficient to outweigh the governmental need to maintain confidentiality of the ADA's investigative decisions and deliberations. *See In re LTV Securities Litigation*, 89 F.R.D. 595, 618 (N.D. Tex. 1981). Prohibiting ADA Lyons' deposition in this case will prevent a severe disruption of the District Attorney's Office primary function. *See Gomez v. City of Nashua*, 126 F.R.D. at 434; *Community Federal Savings & Loan v. Federal Home Loan Bank*, 96 F.R.D. 619, 621 (D.D.C. 1983).

## CONCLUSION

For the reasons stated above, the plaintiff's subpoena to Assistant District Attorney Judith Lyons should be quashed. In the alternative, ADA Lyons respectfully requests this Court to enter an appropriate protective order in her behalf that will prevent inquiry into matters protected by the deliberative process and investigatory privileges.

            Respectfully submitted,
            For Assistant District Attorney
            Judith Lyons,

            THOMAS F. REILLY
            Attorney General

            /s/Eva M Badway
            Eva M. Badway
            Assistant Attorney General
            Criminal Bureau
            One Ashburton Place
            Boston, Massachusetts 02108
            (617) 727-2200, ext. 2824
Dated: May 5, 2005            BBO # 635431