**EXHIBIT A**

Case 1:04-cv-12430-DPW   Document 18   Filed 05/06/2005   Page 1 of 4

# CRIMINAL DOCKET

**DOCKET NUMBER:** 0314CR000705

**COURT DIVISION:** Chelsea

**INTERPRETER REQUIRED:** ☐

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT:**
KALLIGHERI, ALWYN
114 MOUNTAIN AVE. #1
REVERE, MA 02151

**DEFT. DOB AND SEX:** M

**DATE OF OFFENSE(S):** 03/25/2003
**PLACE OF OFFENSE(S):** REVERE

**COMPLAINANT:** ARCOS, ANTONIO
**POLICE DEPARTMENT:** REVERE PD

**DATE OF COMPLAINT:** 03/26/2003
**RETURN DATE AND TIME:** 03/26/2003 08:30:00

**DATE and JUDGE:** [illegible] 26 ... Conlon

**DOCKET ENTRY:**
- ☐ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied and Deft Advised per 211D §2A
- ☐ Waiver of counsel found after colloquy
- Terms of release set:
  - ☐ PR  ☐ Bail:
  - ☐ Held (276 §58A)
  - ☐ See back for special conditions
- Arraigned and advised:
  - ☐ Potential of bail revocation (276 §58)
  - ☐ Right to bail review (276 §58)
  - ☐ Right to drug exam (111E §10)
- Advised of right to jury trial:
  - ☐ Does not waive
  - ☐ Waiver of jury trial found after colloquy
- Advised of trial rights as pro se (Supp. R. 4)
- Advised of right of appeal to Appeals Ct (R. 28)

---

**COUNT/OFFENSE 1:** 94C/34/C DRUG, POSSESS CLASS B c94C §34

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|------|---------|-------|-------------|----------------|
|      |         |       |             | ☐ WAIVED       |

**DISPOSITION DATE and JUDGE:** 3/19/04  Conlon

**DISPOSITION METHOD:**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☒ None of the Above

**FINDING:**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

**SENTENCE OR OTHER DISPOSITION:**
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation
- ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☒ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☒ Other:
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

Defendant's M to Dismiss. Allowed w/o objection

**FINAL DISPOSITION:**
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

---

**COUNT/OFFENSE 2:** 94C/34/E DRUG, POSSESS CLASS C c94C §34

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|------|---------|-------|-------------|----------------|
|      |         |       |             | ☐ WAIVED       |

**DISPOSITION DATE and JUDGE:** 3/19/04  Conlon

**DISPOSITION METHOD:**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☒ None of the Above

**FINDING:**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

**SENTENCE OR OTHER DISPOSITION:**
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation
- ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☒ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☒ Other:
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

Defendant's M to Dismiss Allowed w/o objection

**FINAL DISPOSITION:**
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

---

**COURT ADDRESS:**
Chelsea District Court
120 Broadway
Chelsea, MA 02150

A TRUE COPY ATTEST: X

CLERK-MAGISTRATE/ASST. CLERK

ON (DATE):

☐ ADDITIONAL COUNTS ATTACHED

DOCKET NUMBER: 0314CR000705  NAME: DOUGHERTY, ALWYN

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | MAR 26 2003 | ARR (1) | ☐ Held ☐ Cont'd | | | | | |
| 2 | 4-28-03 | PTH (1) | ☐ Held ☐ Cont'd | | | | | |
| 3 | 6-11-03 | PTH (1) | ☑ Held ☐ Cont'd | | (1) Conlon | | | |
| 4 | 10-15-03 | JT (4) | ☐ Held ☐ Cont'd | | | | | |
| 5 | 8-26-03 | motion (4) | ☐ Held ☐ Cont'd | | | | | |
| 6 | 9-3-03 | | ☐ Held ☐ Cont'd | | | | | |
| 7 | 9-8-03 | STS 2pm | ☑ Held ☐ Cont'd | | (4) Gailey | 317 | | |
| 8 | 10/22/03 | J (4) | ☐ Held ☐ Cont'd | | | | | |
| 9 | OCT 16 2003 | M (1) | ☑ Held ☐ Cont'd | | (1) Klubock | 513 | | |
| 10 | 2/18/04 | J (4) | ☐ Held ☐ Cont'd DFTA- WARRANT | | Zaleski | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 6-11-03 | Trial date 10-15-03. Motion to suppress 8-26-03. Out of court compliance 7-25-03 (Conlon) |
| JUN 11 2003 | ATTY LOVINS for △ (IC) |
| 8-27-03 | Judge Gailey takes motion to suppress under advisement Judge has complaint case put over for STS 9-8-03 2Pm before Judge Gailey |
| 9-10-03 | Deft's motion to suppress allowed T-G D.A. + atty notified. HL Copy of decision faxed to atty Lovins |
| OCT 16 2003 | △'s ASSENTED TO MOT. TO CONT. TRIAL Allowed (Klubock, J) |

### ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | | JUDGE | TAPE NO | START | STOP |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2/24/04 | CWF (1) | ☑ Held | ☐ Cont'd | | Bony | 095 | | |
| 2 | 6/23/04 | J (4) | ☐ Held | ☐ Cont'd | | | | | |
| 3 | 3-19-04 | M. L | ☐ Held | ☐ Cont'd | Dismissed | Conlon | 141 | 438 | 500 |
| 4 | | | ☐ Held | ☐ Cont'd | | | | | |
| 5 | | | ☐ Held | ☐ Cont'd | | | | | |
| 6 | | | ☐ Held | ☐ Cont'd | | | | | |
| 7 | | | ☐ Held | ☐ Cont'd | | | | | |
| 8 | | | ☐ Held | ☐ Cont'd | | | | | |
| 9 | | | ☐ Held | ☐ Cont'd | | | | | |
| 10 | | | ☐ Held | ☐ Cont'd | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 2/18/04 | WARR. issued cums (2) |
| 2/24/04 | WRWASCM, WAR issued in error, case was A+C to a Jury Trial on 6/23/04 (compt J) |
| 3/15/04 | Deft's Motion to Dismiss Filed |
| 3/19/04 | Defendant's Motion to Dismiss Allowed w/o obj (Conlon J) |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓ WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

EXHIBIT B

67

1  Avenue on the same day on which you observed the drug
2  transaction?
3       A.   That's correct, at night.
4       Q.   March the 20th?
5       A.   Yes, sir.
6       Q.   Is that right?
7       A.   Yes.
8       Q.   Do I understand on that from March the 20th
9  you understood he lived at 114 Mountain Avenue?
10      A.   That's correct.
11      Q.   That's the same day on which you filed a
12 police report with Mr. Kalligheri's address on it as 19
13 Clapp Avenue in Malden, correct?
14      A.   Yes.
15      Q.   Thank you.  No further questions.
16           THE COURT: Thank you.  I remind you not to
17 discuss your testimony with the other witnesses until
18 the hearing is over.
19      A.   Yes, Your Honor.
20           ATTORNEY LYONS: No further witnesses for the
21 Commonwealth.
22           THE COURT: Take a five minute recess.
23           (There was discussion off the record.)
24           ATTORNEY LYONS: Your Honor, we have a certain
25 disclosure we need to make to the court.  I suggest we

68

1   should do it not with the presence of witnesses.
2           THE COURT: I guess you should step out.
3           ATTORNEY LYONS: Your Honor, with regard to
4   this case my memory was jogged during the course of the
5   testimony with regard to this case that around the date
6   in question Detective Arcos had placed a phone call to
7   me here at the office giving me some information
8   generally about a case wondering whether or not he had
9   enough to get a search warrant.
10          He did not disclose to me the name of the
11  case or anything like that. I had indicated to him on
12  the phone it didn't look good, but I didn't know
13  whether he had any other information. That was the
14  end of the phone call.
15          I did not realize any of this until during
16  the course of testimony and things began to suddenly
17  make sense. I briefly asked Detective Arcos on my way
18  outside was this the case that you called me about. He
19  said yes.
20          I had placed a phone call to our office
21  counsel with regard to the matter during the brief five
22  minute recess, made the disclosure to defense counsel.
23  They indicated to me they would feel comfortable if we
24  made the disclosure to the court with regard to that
25  information. I have no information when during the

                                                                    69

1   course this happened in terms of the case.
2           I also indicated to counsel I'd be happy to
3   recall Detective Arcos with regard to this issue and
4   that was up to them and whatever the court wanted to
5   do.
6           THE COURT: Did you want to recall him?
7           ATTORNEY LOVINS: No, Your Honor. If the court
8   will accept Ms. Lyons' representation as more or less--
9           THE COURT: As evidence I can take into
10  consideration in my decision.
11          ATTORNEY LOVINS: I think there is probably no
12  need to have Detective Arcos take the stand.
13          ATTORNEY REZENDES: A practical matter, if the
14  detective's memory failed then counsel would be a
15  witness.
16          THE COURT: I appreciate you doing that. I
17  will take into account the representation of counsel in
18  that regard as evidence in the case.
19          ATTORNEY LYONS: Is there any conflict that
20  the Court or defense counsel wants different counsel to
21  proceed with the motion for the Commonwealth.
22          THE COURT: I think where the Commonwealth has
23  rested I don't see any need.
24          ATTORNEY LOVINS: I don't have any problem.
25          (Whereupon, the hearing suspended.)