UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALWYN KALLIGHERI )<br>    Plaintiff )<br>)<br>v. )<br>)<br>ANTONIO ARCOS, )<br>MARTIN DILIEGRO and )<br>CARL BORGIOLI )<br>    Defendants )<br>) | Civil Action No.: 04-12430DPW |

### SECOND AMENDED COMPLAINT AND JURY DEMAND

#### Introduction

1. In this action plaintiff seeks damages arising from Defendants' deprivation of Plaintiff's rights secured by the constitutions of the United States of America and the Commonwealth of Massachusetts.

#### Jurisdiction

2. The District Court has jurisdiction over this matter, as the Plaintiff's Complaint includes a federal claim under 42 U.S.C. 1983.

#### Venue

3. All of the parties reside in the Eastern Division for the District of Massachusetts.

#### Facts

4. The Plaintiff, Alwyn Kalligheri (hereinafter "Plaintiff" or "Kalligheri"), is a resident of Danvers, MA, Essex County.

5. The Defendant, Antonio J. Arcos (hereinafter "Arcos"), is a resident of Peabody, MA, Essex County and formerly with a usual place of business in Revere, MA, Suffolk County and now with a usual place of business in Cambridge, MA, Middlesex County.

6. The Defendant, Martin Diliegro (hereinafter "Diliegro"), has a usual place of business in Revere, MA, Suffolk County.

7. The Defendant, Carl Borgioli (hereinafter "Borgioli"), has a usual place of business in Revere, MA, Suffolk County.

8. On March 25, 2003, Defendants, acting under color of state law, conducted a warrantless search of a bedroom in an apartment at 114 Mountain Avenue in Revere and to which the Plaintiff had a legitimate expectation of privacy.

9. Defendants seized evidence as a result of the said search and charged the plaintiff with Drug Possession Class B c94C §34 and Drug Possession Class C c94C §34 by Complaint dated March 26, 2003 issued by the Chelsea District Court and numbered 0314CR000705.

10. Plaintiff filed a Motion to Suppress the seized evidence and the said motion was allowed after an evidentiary hearing on September 9, 2003.

11. The Court found that the search was illegal because there was no probable cause and the alleged consent to the search was invalid, as it was procured through a deliberate misrepresentation by defendants that they could obtain a warrant, thereby implying that they had probable cause, by threats, intimidation and coercion.

12. Defendants, before making this misrepresentation, had been advised by an Assistant District Attorney for the Suffolk County that they lacked probable cause to obtain a search warrant.

13. On March 19, 2004, Plaintiff presented a Motion To Dismiss the above Complaint 0314CR000705 in the Chelsea District court.

14. The said Motion To Dismiss was allowed on March 19, 2004.

<u>Count I-Invasion of Plaintiff's Right of Privacy</u>

15. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-14 above, and incorporates the same herein, as if they were fully set forth herein.

16. Defendants' deliberate and intentional illegal search and seizure constitutes a substantial and serious invasion of Plaintiff's right to privacy, causing him general damages as well as special damages consisting of his costs and expenses to obtain suppression of evidence and dismissal of criminal charges.

WHEREFORE, your Plaintiff demands that judgment be entered in his favor in an amount to be determined at trial, that he be awarded his costs and reasonable fees and that the Court grant him such other and further relief as is just.

### Count II-Violation of Civil Rights (G.L. c.12, §11H and 11I)

17. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-16 above, and incorporates the same herein, as if they were fully set forth herein.

18. Defendants' deliberate and intentional illegal search and seizure constitutes an interference by threats, intimidation and/or coercion with the Plaintiff's exercise and enjoyment of his constitutional right to be secure from all unreasonable searches and seizures in his home under Article XIV of the Constitution of the Commonwealth.  Defendant's actions were unreasonable.

19. Defendants' deliberate and intentional violation of the Plaintiff's rights secured under Article XIV of the Constitution of the Commonwealth caused the Plaintiff general damages as well as special damages consisting of his costs and expenses to obtain suppression of evidence and dismissal of criminal charges.

WHEREFORE, your Plaintiff demands that judgment be entered in his favor in an amount to be determined at trial, that he be awarded his costs and reasonable attorney fees and that the Court grant him such other and further relief as is just.

### Count III-Violation of Federal Civil Rights (42 U.S.C. §1983)

20. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-19 above, and incorporates the same herein, as if they were fully set forth herein.

21. Defendants' deliberate and intentional illegal search and seizure, while acting under the color of state law, involved a reckless and/or callous indifference to the Plaintiff's federally protected rights and constitutes an interference with the Plaintiff's exercise and enjoyment of his constitutional right to be secure from all unreasonable searches and seizures in his home under Article IV of the Constitution of the United States.  Defendants actions were unreasonable.

22. The Defendants' deliberate and intentional violation of the Plaintiff's civil rights secured under Article IV of the Constitution of the United States caused the Plaintiff general damages as well as special damages consisting of his costs and expenses to obtain suppression of evidence and dismissal of criminal charges.

WHEREFORE, your Plaintiff demands that judgment be entered in his favor in an amount to be determined at trial, including but not limited to punitive damages, that he be awarded his costs and reasonable attorneys fees, and that the Court grant him such other and further relief as is just.

JURY DEMAND

Plaintiff claims trial by jury on all issues so triable.

                                        ALWYN KALLIGHERI
                                        By his attorney

                                        /s/Nelson P. Lovins
                                        Nelson P. Lovins, BBO#306020
                                        LOVINS & METCALF
                                        Ten Cedar Street
                                        Woburn, MA  01801
                                        781-938-8800

Dated: June 9, 2005