UNITED STATES OF DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALWYN KALLIGHERI )<br>    Plaintiff )<br>)<br>v. )<br>)<br>ANTONIO ARCOS, )<br>MARTIN DILIEGRO )<br>CARL BORGIOLI, and the )<br>CITY OF REVERE )<br>    Defendants )<br>) | CIVIL ACTION NO.:  04-12430DPW |

THIRD AMENDED COMPLAINT AND JURY DEMAND

Introduction

1. In this action Plaintiff seeks damages arising from Defendants' deprivation of Plaintiff's rights secured by the constitutions of the United States of America and the Commonwealth of Massachusetts.  Plaintiff also seeks damages against The City of Revere for its negligence in training and/or supervising the individual named Defendants.

Jurisdiction

2. The District Court has jurisdiction over this matter, as the Plaintiff's Complaint includes a federal claim under 42 U.S.C. sec. 1983.

Venue

3. Venue is proper because the individual parties reside in Eastern Massachusetts and the Municipal Defendant is located in Eastern Massachusetts.

Facts

4. The Plaintiff, Alwyn Kalligheri (hereinafter "Plaintiff" or "Kalligheri"), is a resident of Danvers, MA, Essex County.

5. The Defendant, Antonio J. Arcos, (hereinafter "Arcos"), is a resident of Peabody, MA, Essex County and with a usual place of business in Revere, MA, Suffolk County.

6. The Defendant, Martin Diliegro, (hereinafter "Diliegro") with a usual place of business in Revere, MA, Suffolk County.

7. The Defendant, Carl Borgioli, (hereinafter "Borgioli") with a usual place of business in Revere, MA, Suffolk County.

8. The City of Revere (hereinafter the "City") is a municipal corporation duly formed and existing under the law of the Commonwealth of Massachusetts.  At all times pertinent hereto, the City employed Arcos, Diliegro, and Borgioli (the "individual Defendants").

9. On March 25, 2003, the individual Defendants conducted a warrantless search of a bedroom in an apartment at 114 Mountain Avenue in Revere and to which the Plaintiff had a legitimate expectation of privacy.

10. The individual Defendants seized evidence as a result of the said search and charged the plaintiff with Drug Possession Class B c94C §34 and Drug Possession Class C c94C §34 by Complaint dated March 26, 2003 issued by the Chelsea District Court and numbered 0314CR000705.

11. Plaintiff filed a Motion to Suppress the seized evidence and the said motion was allowed after an evidentiary hearing on September 9, 2003.

12. The Court found that the search was illegal because there was no probable cause and the alleged consent to the search was invalid, as it was procured through a deliberate misrepresentation by the individual Defendants that they could obtain a warrant, thereby implying that they had probable cause.

13. The individual Defendants, before making this misrepresentation, had been advised by an Assistant District Attorney for the Suffolk County that they lacked probable cause to obtain a search warrant.

14  On March 19, 2004, Plaintiff presented a Motion To Dismiss the above Complaint 0314CR000705 in the Chelsea District court.

15. The said Motion To Dismiss was allowed on March 19, 2004.

Count I-Invasion of Plaintiff's Right of Privacy

16.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-15 above,  and incorporates the same herein, as if they were fully set forth herein.

17. Defendants' deliberate and intentional illegal search and seizure constitutes a substantial and serious invasion of plaintiff's right to privacy, causing him general damages as well as special damages consisting of his costs and expenses to obtain suppression of evidence and dismissal of criminal charges.

WHEREFORE, your Plaintiff demands that judgment be entered in his favor in an amount to be determined at trial, including but not limited to punitive damages, that he be awarded his costs and reasonable attorneys fees, and that the Court grant him such other and further relief as is just.

### Count II – Violation of Civil Rights (G.L. c.12, Secs. 11H and 11I)

18. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 – 17 above, and incorporates the same herein, as if they were fully set forth herein.

19. Defendants' deliberate and intentional illegal search and seizure constitutes an interference by threats, intimidation and/or coercion with the Plaintiff's exercise and enjoyment of his constitutional right to be secure from all unreasonable searches and seizures in his home under Article XIV of the Constitution of the Commonwealth, Defendants' actions were unreasonable.

20. Defendants deliberate and intentional violation of the Plaintiff's rights secured under Article XIV of the Constitution of the Commonwealth caused the Plaintiff general damages as well as special damages consisting of his costs and expenses to obtain suppression of evidence and dismissal of criminal charges.

WHEREFORE, your Plaintiff demands that judgment be entered in his favor in an amount to be determined at trial, that he be awarded his costs and reasonable attorneys fees and that the Court grant him such other and further relief as is just.

### Count III – Violation of Federal Civil Rights (42 U.S.C. Sec. 1983)

21. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 –20 above, and incorporates the same herein, as if they were fully set forth herein.

22. Defendants' deliberate and intentional illegal search and seizure, while acting under the color of state law, involved a reckless and/or callous indifference to the Plaintiff's federally protected rights and constitutes an interference with the Plaintiff's exercise and enjoyment of his constitutional right to be secure from all unreasonable searches and seizures in his home under Article IV of the Constitution of the United States, Defendants' actions were unreasonable.

23. Defendants' deliberate and intentional violation of the Plaintiff's civil rights secured under Article IV of the Constitution of the United States caused the Plaintiff general damages as well as special damages consisting of his costs and expenses to obtain suppression of evidence and dismissal of criminal charges.

    WHEREFORE, your Plaintiff demands the judgment be entered in his favor in an amount to be determined at trial, including but limited to punitive damages, that he be awarded

his costs and reasonable attorneys fees, and that the Court grant him such other and further relief as just.

## Count IV – Negligence
## v. City of Revere

24. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 – 23 above, and incorporates the same herein, as if they were fully set forth herein.

25. The City of Revere was negligent with regard to its supervision and training of its employees, the individual Defendants, which resulted in the incident of March 23, 2003 and proximately caused the Plaintiff damages.

WHEREFORE, your Plaintiff demands that judgment be entered in his favor in an amount to be determined at trial, that he be awarded his costs and reasonable fees and that the Court grant him such other and further relief as is just.

## JURY DEMAND

Plaintiff claims trial by jury on all issues so triable.

ALWYN KALLIGHERI
By his attorney

/s/ Nelson P. Lovins
Nelson P. Lovins, BBO#306020
Maria Mancini Scott, BBO#630722
LOVINS & METCALF
Ten Cedar Street
Woburn, MA  01801
781-938-8800
nlovins@lovinslaw.com

Dated:  May 19, 2006

4